UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
THOMAS GESUALDI, LOUIS BISIGNANO, DARIN
JEFFERS, MICHAEL O'TOOLE, MICHAEL BOURGAL,
FRANK H. FINKEL, JOSEPH A. FERRARA, SR., MARC
HERBST, DENISE RICHARDSON, and THOMAS
CORBETT as Trustees and fiduciaries of the Local 282
Welfare Trust Fund, the Local 282 Pension Trust Fund, the
Local 282 Annuity Trust Fund, the Local 282 Job Training
Trust Fund, and the Local 282 Vacation and Sick Leave Trust
Fund,

Plaintiffs,

-against-

FLAVIO AGUIRRE CORP.,

Defendant.
----------------------------------------------------------------------X

<u>For Online Publication Only</u>

**<u>ORDER</u>**
17-CV-2446 (JMA)(ARL)

**AZRACK, United States District Judge:**

Before the Court is plaintiffs' motion for default judgment against defendant Flavio Aguirre
Corp. ("Flavio"), for $46,690.19 plus interest for certain unpaid contributions.  For the reasons
stated herein, plaintiffs' motion is GRANTED and plaintiffs are awarded damages as set forth
below: (a) $829.08 in underpaid contributions; (b) $343.68 in interest on underpaid contributions
plus daily interest through the date of judgment; (c) $343.68 in liquidated damages on the
underpaid contributions plus daily interest through the date of judgment; (d) $4,015.36 in unpaid
contributions; (e) $4,373.27 in interest on the unpaid contributions plus daily interest through the
date of judgment; (f) $4,373.27 in liquidated damages on the unpaid contributions plus daily
interest through the date of judgment; (g) $1,788.80 in audit fees; (h) $6,941.45 in unpaid
contributions; (i) $3,765.75 in interest on the unpaid contributions plus daily interest through the
date of judgment; (j) $3,765.75 in liquidated damages on the unpaid contributions plus daily
through the date of judgment; (k) $1,935.00 in audit fees; (l) $2,657.30 in unpaid contributions;

(m) $1,482.01 in interest on the unpaid contributions plus daily interest through the date of judgment; (n) $1,482.01 in liquidated damages on the unpaid contributions plus daily interest through the date of judgment; (o) $885.00 in audit fees; (p) $346.29 in interest on late-paid contributions; and (q) $7,362.49 in attorneys' fees and costs.

## I. DISCUSSION

### A. Defendant Defaulted

Defendant, who has not responded to the motion for default judgment, defaulted by failing to answer, move, appear, or defend in this action.

### B. Liability

When a defendant defaults, the Court is required to accept all of the factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. Finkel v. Romanowicz, 577 F.3d 79, 84 (2d Cir. 2009). However, the Court also must determine whether the allegations in the complaint establish the defendant's liability as a matter of law. Id. Here, the allegations in the complaint are sufficient to establish defendant's liability under Sections 502(a)(3) and 515 of Employee Retirement Income Security Act of 1974, as amended ("ERISA"), and Section 301 of the Labor Management Relations Act ("LMRA").

### C. Damages

"'[W]hile a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages.'" Bricklayers & Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Const., LLC, 779 F.3d 182, 189 (2d Cir. 2015) (quoting Cement & Concrete Workers Dist. Council Welfare Fund v. Metro Found. Contractors, Inc., 699 F.3d 230, 234 (2d Cir. 2012)). The Court must conduct an inquiry to "ascertain the amount of damages with reasonable certainty." Credit Lyonnais Sec., Inc. v. Alcantara, 183 F.3d 151, 155 (2d Cir. 1999) (citing Transatlantic Marine Claims Agency,

Inc. v. Ace Shipping Corp., 109 F.3d 105, 111 (2d Cir. 1997)).

The Court finds that plaintiffs' submissions, including the Affidavits of Theresa Cody, Angelos Poulos, and Diego Remache in Support of Request for Default Judgment and the accompanying exhibits, establish the damages alleged by plaintiffs to a reasonable degree of certainty.

ERISA allows plan fiduciaries to bring civil actions to enforce the provisions of a Collective Bargaining Agreement ("CBA") and obtain equitable relief.   29 U.S.C. § 1132(a)(3)(B)(ii); see also 29 U.S.C. § 1132(d)(1).  Section 515 makes clear that a plan member's contractual duty to make contributions to multiple employer plans is a statutory requirement, and violations of that section are enforceable through civil actions brought under 29 U.S.C. § 1132(g). New York State Teamsters Conference Pension & Ret. Fund v. United Parcel Serv., Inc., 382 F.3d 272, 278 (2d Cir. 2004).

Since plaintiffs have established liability under Section 515, they are entitled to an award of: (1) the amount of unpaid contributions; (2) interest on the unpaid contributions; (3) liquidated damages; and (4) reasonable attorneys' fees and costs.  29 U.S.C. § 1132(g)(2).

**D.  Attorney's Fees and Costs**

In their motion, plaintiffs request attorneys' fees in the amount of $6,475.75 and court fees in the amount of $886.74.  (See Muller Decl. ¶ 51, Ex. 6.)  Section 502(g)(2)(D) of ERISA, 29 U.S.C. §1132(g) (2) (D), requires an award of attorney's fees and costs upon a determination that an employee benefit plan is entitled to judgment for unpaid contributions.  La Barbera v. Clestra Hauserman Inc., 369 F.3d 224, 226 (2d Cir. 2004) ("the statute renders fees and costs mandatory"). Similarly, the Trust Agreement mandates an award of fees in this case.  (See Cody Decl., Ex. 1 at 27.)  A plaintiff seeking to recover attorney's fees "bears the burden of proving the reasonableness and necessity of hours spent and rates charged."  Bennett v. Asset Recovery Sols., LLC, No. 14-

CV-4433, 2017 WL 432892, at *6 (E.D.N.Y. Jan. 5, 2017) (report and recommendation), adopted by, No. 14-CV-4433, 2017 WL 421920 (E.D.N.Y. Jan. 31, 2017).  In support of a request for attorney's fees, the party seeking fees must provide "contemporaneous time records reflecting, for each attorney and legal assistant, the date, the hours expended, and the nature of the work done." Sheet Metal Workers' Nat. Pension Fund v. Skye Sheet Metal, Inc., No. 08-CV-1315, 2010 WL 3119783, at *9 (E.D.N.Y. June 22, 2010) (report and recommendation) (citation omitted), adopted by, No. 08-CV-1315, 2010 WL 3119441 (E.D.N.Y. Aug. 5, 2010).

Here, plaintiffs request attorneys' fees of $6,475.75, which represents the efforts of three attorneys and two paralegals.  The bulk of the hours were billed by Arthur J. Muller, a mid-level associate, at a rate of $305 per hour.  Senior associate Jonathan M. Bardavid billed at a rate of $415 per hour and of-counsel Christopher Smith billed at a rate of $450 per hour.  The paralegals billed at a rate of $120 per hour.  "Courts in the Eastern District of New York award hourly rates ranging from $200 to $450 per hour for partners, $100 to $300 per hour for associates, and $70 to $100 per hour for paralegals." Dagostino v. Computer Credit, Inc., 238 F. Supp. 3d 404, 412 (E.D.N.Y. 2017) (quoting D'Annunzio v. Ayken, Inc., No. 11-CV-3303, 2015 WL 5308094, at *4 (E.D.N.Y. Sept. 10, 2015).  Other courts in this district have awarded fees of $375 per hour for Mr. Bardavid and $275 per hour for a mid-level associate at the same firm.  See Gesualdi v. Mech. Insulation Inc., No. 14-CV-0724, 2015 WL 729728, at *12 (E.D.N.Y. Feb. 18, 2015).  Accordingly, I find that the rates plaintiffs are requesting in this case are line with those charged in similar cases and are therefore reasonable.  I also find that the number of hours billed—22.6 in this case—is reasonable under the circumstances.

Having reviewed plaintiffs' bill for costs associated with this litigation as well as the Muller Declaration, the Court determines these to be reasonable out-of-pocket expenses.  See LeBlanc-Sternberg v. Fletcher, 143 F.3d 748, 763 (2d Cir. 1998) ("[A]ttorney's fees awards include those

reasonable out-of-pocket expenses incurred by attorneys and ordinarily charged to their clients.")

(citation omitted).

Accordingly, plaintiffs are awarded attorneys' fees in the amount of $6,475.75 and $886.74

in reasonable court expenses.

## II. CONCLUSION

The Clerk of the Court is respectfully directed to enter judgment in favor of plaintiffs

against defendant as follows:

(a) $829.08 in reported but underpaid contributions for the periods June 2012, September 2013, November 2013, April 2015, July 2016 and September 2016;

(b) $343.68 in interest on the reported but underpaid contributions for the periods June 2012, September 2013, November 2013, April 2015, July 2016 and September 2016 (plus additional daily interest in the amount of $.41 accruing from November 1, 2017 through the date judgment is entered);

(c) $343.68 in liquidated damages on the reported but underpaid contributions for the periods June 2012, September 2013, November 2013, April 2015, July 2016 and September 2016 (plus additional daily interest in the amount of $.41 accruing from November 1, 2017 through the date judgment is entered);

(d) $4,015.36 in unpaid contributions determined to be due and owing as a result of audit #13-0327-R2;

(e) $4,373.27 in interest on the unpaid contributions for audit #13-0327-R2 (plus additional daily interest in the amount of $1.98 accruing from November 2, 2017 through the date judgment is entered);

(f) $4,373.27 in liquidated damages equal to the accrued interest on the unpaid contributions for audit #13-0327-R2 (plus additional daily interest in the amount of $1.98 accruing from November 2, 2017 through the date judgment is entered);

(g) $1,788.80 in audit fees as a result of audit #13-0327-R2;

(h) $6,941.45 in unpaid contributions determined to be due and owing as a result of audit #15-0547-R2;

(i) $3,765.75 in interest on the unpaid contributions for audit #15-0547-R2 (plus additional daily interest in the amount of $1.45 accruing from November 2, 2017 through the date judgment is entered);

(j) $3,765.75 in liquidated damages equal to the accrued interest on the unpaid contributions for audit #15-0547-R2 (plus additional daily interest in the amount of $1.45 accruing from November 2, 2017 through the date judgment is entered);

(k) $1,935.00 in audit fees as a result of audit #15-0547-R2;

(l) $2,657.30 in unpaid contributions determined to be due and owing as a result of audit #16-0607-A1;

(m) $1,482.01 in interest on the unpaid contributions for audit #16-0607-A1 (plus additional daily interest in the amount of $1.31 accruing from November 2, 2017 through the date judgment is entered);

(n) $1,482.01 in liquidated damages equal to the accrued interest on the unpaid contributions for audit #16-0607-A1 (plus additional daily interest in the amount of $1.31 accruing from November 2, 2017 through the date judgment is entered);

(o) $885.00 in audit fees as a result of audit #16-0607-A1;

(p) $346.29 in interest on late-paid contributions for the periods July 2012, September 2012, March 2013, May 2013, June 2013, August 2013, and March 2014; and

(q) $7,362.49 in attorneys' fees and costs.

The Clerk of Court is directed to close this case.

**SO ORDERED.**

Dated:  July 6, 2018
Central Islip, New York

_____
/s/ (JMA)
JOAN M. AZRACK
UNITED STATES DISTRICT JUDGE